UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| LYNN BRANHAM, | |
| Plaintiff, | Case No. 1:07-cv-630 |
| v. | Honorable Robert J. Jonker |
| THOMAS M. COOLEY LAW SCHOOL, et al., | |
| | **ORDER** |
| Defendants. | |

Presently pending before the court is defendants' amended motion to compel the deposition of Alan F. Blakley, Esq., one of plaintiff's counsel of record in the captioned case. Defendants allege that Mr. Blakley, a former colleague of the plaintiff, has firsthand knowledge of the facts giving rise to plaintiff's claim. Plaintiff has filed a response to the motion.[1] Defendants' motion to compel implicates both the attorney-client privilege and the rules of professional conduct, as well as the test adopted by the Sixth Circuit in *Nationwide Mutual Insurance Co. v. Home Insurance Co.*, 278 F.3d 621, 628 (6th Cir. 2002).

It is inappropriate for the court to reach the merits of the motion, however, as defendants have not established any basis for this court's jurisdiction over Mr. Blakley. Mr. Blakley lives and works in Houston, Texas. Defendants do not allege that they have served Mr. Blakley with

---

[1] Plaintiff's response exceeds the page limitation established by W.D. Mich. LCivR 7.3(b). Regardless of counsel's sense of outrage, the local rules must be observed. Further infractions may be met with sanctions.

a subpoena, either from this court or from the Southern District of Texas. Only a party or an officer, director or managing agent of a party may be compelled to appear for a deposition by means of a mere notice. *See* FED. R. CIV. P. 37(d)(1)(A). Furthermore, it is doubtful that this court can, or would, order Mr. Blakley to appear for a deposition in Grand Rapids, as requested by defendants, in that Rule 45(c)(3)(A)(ii) limits the deposition to a place no more than one hundred miles from where the person resides, is employed, or regularly transacts business in person. Defendants have not cited any authority that would allow the court to order an unsubpoenaed attorney to submit to a deposition merely because that attorney is a member of the bar of the court or is counsel of record. Rather, the same protections apply to attorneys as to any other person: "If the deponent is not a party, and does not consent to attend, his or her attendance must be enforced by a subpoena under Rule 45(a)(2)." 8A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & RICHARD L. MARCUS, FEDERAL PRACTICE & PROCEDURE § 2112 at 73 (2d ed. 1994); *accord Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 686 (D. Kan. 1995). In the absence of a subpoena served on Mr. Blakley in this district and complying with Fed. R. Civ. P. 45, defendants' motion to compel is not properly before the court. Accordingly:

      IT IS ORDERED that defendants' amended motion to compel the attendance of Alan Blakley (docket # 41) is hereby DISMISSED without prejudice.

      IT IS FURTHER ORDERED that plaintiff's request for sanctions (docket # 42) is DENIED.

      DONE AND ORDERED this 3rd day of June, 2008.

      /s/ Joseph G. Scoville
      United States Magistrate Judge